

**A**

SUPERIOR COURT
BARNSTABLE SS

JUN 18 2025

FILED
Susan E. Moran, Clerk

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.                            SUPERIOR COURT DEPARTMENT
                                          CIVIL ACTION NO.

|  |  |
|---|---|
| CHEVANESE ROBINSON-FEARON, SOPHIA DAVIS, and ANGELLA CAMPBELL | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| OFFICER HAILIE HOPE, OFFICER SEAN D. CLEARY, OFFICER THOMAS FULLAM, OFFICER OWEN MURRAY, and SERGEANT BRIAN JONES, in their individual capacities, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Chevanese Robinson-Fearon, is an individual who resides in Fall River, Bristol County, Massachusetts.

2. The Plaintiff, Sophia Davis, is an individual who resides in Fall River, Bristol County, Massachusetts.

3. The Plaintiff, Angella Campbell, is an individual who resides in Fall River, Bristol County Massachusetts.

4. The Defendant, Hailie Hope, is or was at all times relevant a duly appointed police officer of the Barnstable Police Department in the Town of Barnstable, Massachusetts, who, upon information and belief, resides at 12 Tyler Drive, Sandwich, Barnstable County, Massachusetts 02563.

5. The Defendant, Sean D. Cleary, is or was at all times relevant a duly appointed police officer of the Barnstable Police Department in the Town of Barnstable, Massachusetts, who, upon information and belief, resides at 40 Blue Gill Lane, Plymouth, Plymouth County, Massachusetts 02360.

6.  The Defendant, Thomas Fullam, is or was at all times relevant a duly appointed police officer of the Barnstable Police Department in the Town of Barnstable, Massachusetts, who, upon information and belief, resides at 84 Newport Lane, Osterville, Barnstable County, Massachusetts 02655.

7.  The Defendant, Owen Murray, is or was at all times relevant a duly appointed police officer of the Barnstable Police Department in the Town of Barnstable, Massachusetts who, upon information and belief, resides at 12 Tyler Drive, Sandwich, Barnstable County, Massachusetts 02563.

8.  The Defendant, Sergeant Brian Jones, is or was at all times relevant a duly appointed police officer of the Barnstable Police Department in the Town of Barnstable, Massachusetts, who, upon information and belief, resides at 225 Megan Road, Hyannis, Barnstable County, Massachusetts 02601.

9.  The Defendants' actions alleged in this Complaint were taken under color of the laws of the Commonwealth of Massachusetts and the Town of Barnstable, Massachusetts.

10. The Defendants are sued in their individual capacities.

## FACTS

11. For background, the Plaintiffs, all black women from Jamaica, are not blood-related but have been close throughout their lives and consider each other to be family.

12. Sophia Davis is Chevanese Robinson-Fearon's godmother; however, Chevanese Robinson-Fearon considers Sophia Davis to be her mother and refers to her as such. Sophia Davis and Angella Campbell are friends. Chevanese Robinson-Fearon considers Angella Campbell to be her aunt and refers to her as such as a sign of respect in Jamaican culture.

13. For additional background, the Plaintiff, Chevanese Robinson-Fearon, grew up around police officers in Jamaica. She has an uncle and aunt that both served in the Clarendon Parish police force. As a teenager, she was actively involved in her local police force's youth club as to community outreach and service. She even served as Treasurer of the club. Separately, the Plaintiff, Sophia Davis, also grew up around police officers in Jamaica. She served as President of the police youth club in Christiana, Manchester, Jamaica for five years, where she served food to prisoners on Sundays. She still has cousins and friends in the police force there.

14. Prior to Sunday, March 10, 2024, the Plaintiffs Chevanese Robinson-Fearon and Sophia Davis intended to move from New Jersey to Cape Cod to work and join Angella Campbell who was already living in Massachusetts.

15. The Plaintiff, Chevanese Robinson-Fearon, had a job lined up to work as a home health aide on Cape Cod and the Plaintiff, Sophia Davis intended to find a job immediately.

16. They packed their furniture and personal belongings into a U-Haul truck they rented in New Jersey, then drove to Hyannis where they planned to store their property at the U-Haul Moving & Storage location on Bearse's Way in Hyannis and stay at a motel until they located an apartment.

17. On their way from New Jersey, they stopped and picked up the Plaintiff, Angella Campbell at her apartment in Fall River, Massachusetts.

18. Shortly before midnight on Sunday, March 10, 2024, the Plaintiffs entered Hyannis in their U-Haul truck.

19. The Plaintiff, Chevanese Robinson-Fearon, was driving the U-Haul while the Plaintiffs Sophia Davis and Angella Campbell were passengers.

20. At approximately 11:59 p.m., on March 10, 2024, the Plaintiffs were stopped with their turn signal engaged attempting to turn into U-Haul Moving & Storage of Hyannis at 594 Bearse's Way in Hyannis.

21. While stopped with their turn signal engaged, the Plaintiffs heard a siren and saw flashing blue lights behind them so they pulled over to the right side of the road to yield to the emergency vehicle and let it pass.

22. The Barnstable Police vehicle did not pass, and, instead, pulled behind the Plaintiffs' U-Haul and the Plaintiffs realized they were being stopped.

23. Within minutes, multiple other Barnstable Police vehicles arrived.

24. No Barnstable Police officer approached the U-Haul to ask the Plaintiffs for their identification or explain what was happening.

25. A female Barnstable Police Officer, the Defendant, Hailie Hope, used her vehicle's public address system to order the driver, the Plaintiff Chevanese Robinson-Fearon, to put her hands out the U-Haul's window and then to exit the U-Haul and walk backwards with her hands on her head.

26. The Plaintiff, Chevanese Robinson-Fearon, was confused with Officer Hope's orders but still complied, stepped sideways out of the U-Haul, and began to walk backwards.

27. As the Plaintiff, Chevanese Robinson-Fearon, started to move backwards, Officer Hope asked the Plaintiff through her microphone who else was in the U-Haul.

28. The Plaintiff, Chevanese Robinson-Fearon, turned around to answer Officer Hope's question, saw multiple Barnstable Police officers had their service weapons drawn and pointing at her, and felt extreme fear.

29.    Upon information and belief, these officers included the Defendants Hailie Hope, Sean D. Cleary, Thomas Fullam, and Owen Murray.

30.    Officer Hope screamed at the Plaintiff, Chevanese Robinson-Fearon, to turn back around, face away from the officers, and get on her knees.

31.    The Plaintiff, now panicked from the sight of the firearms pointed at her, complied with Officer Hope's orders.

32.    Meanwhile, in the U-Haul, the Plaintiff, Angella Campbell, could see in the sideview mirror that several officers had their service weapons drawn and pointed at the Plaintiffs.

33.    Still without any officer ever requesting personal identifying information, a male Barnstable Police Officer handcuffed and arrested the Plaintiff, Chevanese Robinson-Fearon.

34.    The Plaintiff, Chevanese Robinson-Fearon, asked why she was being arrested, however, the Barnstable Police officer only replied "you will find out soon."

35.    The Plaintiff, Chevanese Robinson-Fearon, was subsequently placed in the back of a Barnstable Police cruiser.

36.    The Barnstable Police then similarly ordered the Plaintiff, Sophia Davis, out of the U-Haul without explanation and without requesting her personal identifying information.

37.    The Barnstable Police directed the Plaintiff, Sophia Davis, to walk backwards.

38.    The Plaintiff, Sophia Davis, complied, started to walk backwards on the grassy surface on the side of the road next to the U-Haul, but tripped and stumbled in what the Plaintiff believes was a hole where a new tree was to be planted.

39.    When the Plaintiff stumbled, she stopped to regain her balance, and, with multiple handguns still drawn, Officer Hope began to yell at Davis through the police vehicle's public address system: "ARE YOU RESISTING?! ARE YOU RESISTING?!"

40.    As the Plaintiff, Sophia Davis, continued to move backwards, an officer approached her to handcuff her, and she asked the officer what she did wrong.

41.    The officer replied, "you will know later."

42.    Again, the Plaintiff, Sophia Davis, asked why the officer was going to handcuff her and he replied again without explanation, "I told you, you will know soon."

43.    The Plaintiff, Sophia Davis, then requested that the officer handcuff her from the front because of a prior right shoulder injury.

4

44. The arresting officer ignored the Plaintiff's request, grabbed her right hand and twisted the Plaintiff's right arm behind her back to cuff her. The Plaintiff immediately complained about pain in her right shoulder, but Officer Hailie Hope told her to "shut up and stop complaining," and otherwise ignored her pain.

45. While exiting the U-Haul, the Plaintiff, Sophia Davis, had both her cell phone and Chevanese Robinson-Fearon's cell phone in her hands.

46. The male arresting officer searched the Plaintiff's pockets, confiscated both cell phones, put the phones on top of a police cruiser, and walked the Plaintiff to a cruiser.

47. The officer tried to put the Plaintiff, Sophia Davis, in the rear of the cruiser as she faced backwards but her back and the palm of her hand struck the body of the cruiser.

48. After several failed attempts to shove the Plaintiff into the back of the cruiser, the Plaintiff asked to be turned around so she could see where her body was going. The officer forcefully turned her body and shoved her into the rear of the cruiser facing forward so that both of the Plaintiff's knees struck the body of the cruiser.

49. With both Chevanese Robinson-Fearon and Sophia Davis in the back of different police cruisers, the officers ordered the Plaintiff, Angella Campbell, out of the U-Haul.

50. An officer handcuffed Angella Campbell and walked her away from the U-Haul to an area behind the cruisers where she could not see Chevanese Robinson-Fearon or Sophia Davis.

51. With Angella Campbell in handcuffs, the officers twice searched both the interior cab and the rear cargo area of the U-Haul, which had to be accessed through a roll-up door at the rear of the vehicle.

52. The officers found no weapons, ammunition, drugs, or any other kind of contraband in the U-Haul.

53. When closing the U-Haul's rear roll-up door, the officers smashed the Plaintiffs' television set and broke their chairs.

54. An officer also searched the body and purse of the Plaintiff, Angella Davis and found nothing.

55. This officer specifically said to the Plaintiff, Angella Campbell, that they were searching for guns, ammunition, and drugs.

56. No Barnstable Police officer ever read the Plaintiffs Sophia Davis or Angella Campbell their Miranda rights, despite placing both in handcuffs, searching both, and putting Sophia Davis in the back of a cruiser.

57. Only after searching the U-Haul, Sergeant Brian Jones read the Plaintiff, Chevanese Robinson-Fearon, her Miranda rights and told the Plaintiff that his colleague Officer Hope pulled her over because she was speeding and did not immediately stop.

58. The Plaintiff, Chevanese Robinson-Fearon, told the Sergeant that was a lie, and to check the officer's body camera footage.

59. The Sergeant informed the Plaintiff, Chevanese Robinson-Fearon, that the Barnstable Police did not have body cameras.

60. The Plaintiff, Chevanese Robinson-Fearon, requested that they remove or loosen her handcuffs because they were too tight and hurting her wrists.

61. Sergeant Jones told the Plaintiff, Chevanese Robinson-Fearon that someone else would do it later.

62. Officer Hope approached the Plaintiff to speak with her and confirmed that the Barnstable Police Department did not have body cameras.

63. During this incident, the Plaintiffs twice saw Officer Hope and Sergeant Jones talk privately away from the Plaintiffs.

64. The Plaintiff, Sophia Davis, could hear Officer Hope and the Sergeant from her position in the back of a police cruiser and heard them discussing that they had no grounds to arrest the Plaintiffs.

65. While Officer Hope and the Sergeant were engaged in the aforementioned conversation, the Defendant, Officer Sean Cleary, spoke to the Plaintiff, Chevanese Robinson-Fearon.

66. The Plaintiff, Chevanese Robinson-Fearon, reminded Officer Cleary that still no one had requested her name or her driver's license.

67. Only then did Officer Hope return to the Plaintiff, Chevanese Robinson-Fearon, and allow her out of the police cruiser.

68. Officer Hope then asked for the Plaintiff, Chevanese Robinson-Fearon's driver's license and searched her body.

69. Officer Hope found no weapons, ammunition, drugs, or any other contraband on the Plaintiff, Chevanese Robinson-Fearon's body.

70. Officer Hope removed the Plaintiff Chevanese Robinson-Fearon's handcuffs and caused the Plaintiff to scream in pain when removing the right cuff.

71. The Plaintiff, Chevanese Robinson-Fearon, asked the officers to release Sophia Davis and Angella Campbell.

72.   The Plaintiff, Chevanese Robinson-Fearon, asked the Sergeant for his name and badge number.

73.   The Sergeant initially expressed agitation, refused, and told the Plaintiff to go to the Barnstable Police Station in the morning.

74.   The Plaintiff, Chevanese Robinson-Fearon, told the Sergeant that she had a right to know his name and badge number.

75.   Sergeant Jones then provided his name and badge number (290), as did Officer Cleary (326).

76.   Officer Hope handed the Plaintiff, Chevanese Robinson-Fearon, a citation for speeding and marked lane violation and told the Plaintiff that she did not charge her for failing to stop for a police officer because that is a "death penalty" in this country.

77.   Said citation included Officer Hope's badge number (337)

78.   The Plaintiffs were subsequently released.

79.   The Plaintiffs parked the U-Haul at the U-Haul facility across the street, as they had planned, and proceeded to a motel where none of them slept, and they sat in stunned silence until sunrise contemplating how the police had held them at gunpoint, arrested them, and searched their belongings.

80.   The following morning, each of the Plaintiffs sought medical treatment for physical injuries at Cape Cod Hospital's emergency department.

81.   On March 12, 2024, the Plaintiffs submitted Professional Standards Complaints at the Barnstable Police Department. These forms are attached as Exhibit A and the statements set forth in said forms are incorporated into this Complaint by reference as if fully set forth herein.

82.   Following this incident, Officer Hope spent approximately two hours writing a narrative for her Incident Report regarding this traffic stop, which was entered on March 11, 2024 at 2:58 a.m.

83.   The Incident Report shows that it was modified on April 12, 2024—after the Barnstable Police Department received a notice of claim and preservation notice from Plaintiff's counsel. See Exhibit B.

84.   Officer Hope's modified Incident Report totally omitted multiple salient facts including that the Plaintiffs were ordered out of their U-Haul at gunpoint, that the Plaintiffs were handcuffed and arrested, and that officers searched the front cab of the U-Haul, as well as the rear cargo area of the U-Haul, and the bodies and belongings of the Plaintiffs.

85. Based on these significant omissions, Officer Hope's Incident Report amounts to a false narrative meant to justify her classification of the incident as a "high-risk traffic stop," and violation of the Plaintiffs' constitutional rights.

86. Officer Hope's own description of events, however, did not describe facts that would warrant or justify a "high-risk traffic stop" or, the Barnstable Police Department's overwhelming display of force against three black women of Jamaican descent.

87. As set forth in Officer Hope's Incident Report, she stated that her blue lights were activated for 0.3 miles (1,584 feet) before she activated her cruiser's siren at Enterprise Road in Hyannis, and that once she activated her siren at Enterprise Road, the Plaintiffs' U-Haul came to a stop within 400 feet.

88. On Sunday, March 10, 2024, and at all times relevant, the Barnstable Police Department had a policy regarding "Vehicular Pursuit," more specifically Policy and Procedure 704.

89. Under said "Vehicular Pursuit" policy, "pursuit" is "an active attempt by a law enforcement officer in a motor vehicle to apprehend one of more occupants of another moving motor vehicle, where the driver of the fleeing vehicle is aware of the attempt and is resisting apprehension."

90. Said policy specifically states: "pursuits do not automatically occur when officers activate their emergency warning equipment to affect a motor vehicle stop. Motorists may not immediately see or hear an officer's emergency warning equipment, or realize that they are the object of the officer's efforts."

91. Said policy further states: "officers may be required to follow a motorist with their emergency warning equipment activated for a significant distance before a motorist becomes aware of the need to stop the vehicle."

92. Said policy further states: "consequently, an officer's lawful attempt to stop a motorist is not considered a pursuit subject to this policy until such time that the officer reasonably believes the motorist is intentionally ignoring or actively attempting to elude the officer."

93. Said policy also includes specific procedures for "high risk stops" for vehicles containing persons "who are suspected of dangerous crimes or who may present a significant risk to the safety of the officer or the public.

94. By initiating a "high risk" stop here, Officer Hope violated the Barnstable Police Department's Vehicular Pursuit policy.

95. On Sunday, March 10, 2024 and at all times relevant, the Barnstable Police Department also had a policy regarding "Motor Vehicle Stops," more specifically, Policy and Procedure 703.

96.    Under Section 13.0 of said "Motor Vehicle Stops" policy, officers "may not order a driver or occupant out of a vehicle without a reasonable belief that the officer's safety or the safety of others is in danger."

97.    Said policy further states, "removing passengers from a motor vehicle during a routine stop, absent a particularized and individualized suspicion that the operator and or passengers(s) is/are engaged in criminal activity separate and apart from the civil infraction, is illegal."

98.    By ordering the Plaintiffs out of their U-Haul truck, Officer Hope violated Barnstable Police Department policy regarding "Motor Vehicle Stops" and acted illegally.

99.    On Sunday, March 10, 2024, and at all times relevant, the Barnstable Police Department had a policy regarding "Response to Resistance," more specifically Policy and Procedure 502.

100.   Said "Response to Resistance" policy states: "Officers of the Barnstable Police Department shall only use that amount of force that the officer feels would be reasonable in a particular situation to accomplish their lawful objective or to protect the officer or another from serious bodily injury or death."

101.   Said policy further states: "the degree of force used is dependent upon the facts and circumstances surrounding the situation and the perceived actions of the subject an officer faces; however, the application of force is to terminate when it is objectively reasonable that a subject is fully in law enforcement's control. No application of force is to be utilized in order to punish, demean or otherwise unjustly harm any person."

102.   Said policy further states that use of force includes, *inter alia*, the "pointing of a firearm."

103.   Under said policy, "objectively reasonable" means "officers shall evaluate each situation in light of known circumstances, including, but not limited to, the seriousness of the crime, the level of threat or resistance presented by the subject, the time available to an officer to make a decision, and the danger to the officer, subject, and/or community…"

104.   By pointing their firearms at the unarmed Plaintiffs, who offered no resistance and complied with all orders, the Defendants used force that was not objectively reasonable and violated the Barnstable Police Department "Response to Resistance" policy.

105.   On March 10, 2024 and at all times relevant, the Barnstable Police Department also had a policy regarding "Detainee Restraints," more specifically Policy and Procedure 1001.

106.   Said policy stated "Officers will not utilize restraints in such a way to place detainees into positions that may cause serious bodily injury…"

107.   The Defendants violated said policy by ignoring the Plaintiffs' statements and complaints regarding handcuffs and the Defendants' use of force in applying said handcuffs.

9

108.    On Sunday, March 10, 2024, the Barnstable Police Department also had a "Use of Force Reporting and Investigation Policy" more specifically Policy and Procedure 527.

109.    The Barnstable Police Department's "Use of Force Reporting and Investigation Policy" requires officers to write written report(s) regarding use of firearms, actions that result in or are alleged to result in injury of another, and whenever an officer applies force through the use of lethal or less-lethal weapons.

110.    The Barnstable Police Department's Use of Force Reporting and Investigation Policy also requires a separate Use of Force Report, subject to review and approval by the Officer in Charge or Shift Designee.

111.    The Defendants violated said "Use of Force Reporting and Investigation Policy" by failing to write any written report or regarding their use of firearms or otherwise document such use, and also by failing to document the Plaintiffs' complaints of pain and injury regarding application of handcuffs.

112.    On Sunday, March 10, 2024, the Barnstable Police Department also had a policy regarding "Warrantless Searches," more specifically Policy and Procedure 605, that cites the Fourth Amendment to the United States Constitution.

113.    The Barnstable Police Department's "Warrantless Searches" policy states: "It is the policy of the Barnstable Police Department that all searches, with or without a search warrant, shall be conducted in strict observance of the constitutional rights of the parties involved, and with due regard for the safety of all officers, other persons, and property involved."

114.    Said policy permits the warrantless stopping, questioning and frisking of motor vehicle operator or occupants "to determine whether a suspect is armed, with the search confined to the area of the motor vehicle from which a suspect might gain possession of a weapon."

115.    Separately, the Barnstable Police "Motor Vehicle Stops policy" (703) states, "if the occupant(s) of a vehicle are ordered out of it, they may be frisked if there is a reasonable belief that they may be armed and dangerous and that the officers or others nearby may be endangered."

116.    The Barnstable Police Department's Motor Vehicle Stops policy also specifically addresses protective searches (Section 13.1) and states, "if, after frisking a vehicle's occupants, officers reasonable believe that there is still a possible danger, they shall inspect those areas of the vehicle readily accessible to an occupant that may contain a dangerous weapon."

117.    Said policy about protective searches also states, "such a protective search of the interior of the vehicle must be limited to what is minimally necessary to determine whether the suspect is armed and to remove any weapon discovered. The search must be confined to the area from which the occupant(s) might gain possession of a weapon."

118.  The Defendants violated both the Barnstable Police Department's "Warrantless Searches" policy (605) and the "Motor Vehicle Stops" policy (703) by searching the Plaintiffs' bodies, the interior of the U-Haul cab, and the U-Haul's rear cargo area.

119.  The Barnstable Police Department's "Warrantless Searches" policy further requires the investigating officer to "make a written report of the circumstances, to include the important facts relative to the incident and an inventory of any evidence seized."

120.  Here, the Defendants failed to make a written report or otherwise note that they searched the Plaintiffs' bodies, the interior of the U-Haul cab, or the rear cargo area, and further violated Barnstable Police Department policy.

121.  On Sunday, March 10, 2024 and at all times relevant, the Barnstable Police Department had a policy regarding "Bias Based Policing," more specifically Policy and Procedure 104.

122.  The Barnstable Police Department's "Bias Based Policing" policy states: "The Department does not endorse, train, teach, support or condone any type of bias based profiling by its members, and all Department members are prohibited from engaging in bias based profiling."

123.  The Barnstable Police Department's Bias Based Policing policy further states: "...officers are prohibited from considering the race, gender, ethnic background, sexual orientation, religion, economic status, age or cultural group of members of the public in deciding to detain a person or stop a motor vehicle, and in deciding upon the scope or substance of any law enforcement action."

124.  Separately, the Barnstable Police Department's "Motor Vehicle Stops" policy, states: "...officers are prohibited from considering the race, gender, ethnic background, sexual orientation, religion, economic status, age or cultural group of members of the public in deciding to detain a person or stop a motor vehicle."

125.  The Defendants' actions involving the Plaintiffs demonstrated biased based profiling based on the Plaintiffs' race

126.  On March 10, 2024 and at all times relevant, the Barnstable Police Department also had a policy regarding "Professional Standards," more specifically Policy and Procedure 210.

127.  Said policy states: "Department members have a duty to report incidents of misconduct, mistreatment or unethical practices committed by other employees."

128.  Said policy divides complaints into two categories, of which Class 1 complaints include use of excessive force, violation of civil rights, biased based profiling, and major rules violations.

129.    Said policy requires the Professional Standards Supervisor to update citizen complainants on the status of a case, and "in no case shall the complainant go longer than 30 days without being re-contacted."

130.    The Plaintiffs each made Professional Standards complaints following this incident in which they outlined excessive force, violation of civil rights, biased based profiling, and major rules violations.

131.    The Plaintiffs have never received any response to their Class 1 complaints, nor have they ever received any investigation update at any time, in violation of Barnstable Police policy regarding "Professional Standards."

132.    As a direct and proximate result of the Defendants' actions the Plaintiffs have suffered physical injuries for which they sought medical treatment, they have suffered extreme emotional harm and indignity for which they sought psychiatric counseling, they have suffered significant interference with their enjoyment and quality of daily life, they have lost employment opportunities, and their families have also suffered.

## COUNT I:
## 42 U.S.C § 1983: VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS
### (All Plaintiffs v. All Defendants)

133.    The Plaintiffs repeat and reallege all of the allegations contained in Paragraphs 1 through 132 of this Complaint as if rewritten and alleged herein.

134.    At all times relevant, the Defendants acted under color of state law.

135.    At all times relevant, the Defendants were acting in their official capacities as police officers of the Barnstable Police Department.

136.    Defendants' conduct deprived the Plaintiffs of rights, privileges and/or immunities secured under the Constitution or laws of the United States.

137.    The Defendants conducted an unlawful vehicle stop of Plaintiffs' U-Haul truck without probable cause or reasonable suspicion, in violation of Plaintiffs' Fourth Amendment right to be free from unreasonable seizures, and in violation of Barnstable Police policy and procedure.

138.    The Defendants used unreasonable and excessive force against the Plaintiffs by pointing their handguns at the Plaintiffs without any legal justification to do so, and in violation of Barnstable Police policy and procedure.

139.    The Defendants unlawfully arrested the Plaintiffs without probable cause or any legal justification to do so, and confiscated their cell phones, both in violation of Plaintiffs' Fourth Amendment right to be free from unreasonable seizures, and in violation of Barnstable Police policy and procedure.

140.  The Defendants used unreasonable and excessive force against the Plaintiffs when handcuffing their wrists, and in violation of Barnstable Police policy and procedure.

141.  The Defendants conducted unlawful searches of the Plaintiffs bodies and personal belongings without consent, a valid warrant, or any legal justification to do so, in violation of Plaintiffs' Fourth Amendment right to be free from unreasonable searches, and in violation of Barnstable Police policy and procedure.

142.  The Defendants deprived the Plaintiffs of a well-established right to freedom from the use of unreasonable force under the Fourth and Fourteenth Amendments, and in violation of Barnstable Police policy and procedure.

143.  The Defendants deprived the Plaintiffs of a well-established right to freedom from unreasonable search under the Fourth and Fourteenth Amendments, and in violation of Barnstable Police policy and procedure.

144.  The Defendants deprived the Plaintiffs of a well-established right to freedom from unreasonable seizure under the Fourth and Fourteenth Amendments, and in violation of Barnstable Police policy and procedure.

145.  The Defendants' actions were taken with reckless disregard for the Plaintiffs' constitutional rights, and in violation of Barnstable Police policy and procedure.

146.  As a direct and proximate result of the Defendants' actions the Plaintiffs have suffered physical injuries for which they sought medical treatment and have incurred the cost of medical care and attendance, they have suffered extreme emotional harm and indignity for which they sought psychiatric counseling, they have suffered significant interference with their enjoyment and quality of daily life, they have lost employment opportunities, and their families have also suffered.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for a sum sufficient and proper to compensate them for their injuries, plus costs, interests, and expenses of this action to be determined to be reasonable by the Court with jury and to award such other further relief as this Court may deem necessary and appropriate.

## COUNT II:
### CIVIL ASSAULT
### (All Plaintiffs v. All Defendants)

147.  The Plaintiffs repeat and reallege all of the allegations contained in Paragraphs 1 through 146 of this Complaint as if rewritten and alleged herein.

148.  The Defendants engaged in overt acts by pointing their handguns at the Plaintiffs.

149. The Defendants' overt acts constituted attempted battery and/or an immediately threatened battery.

150. The Defendants intentionally committed said overt acts to put the Plaintiffs in imminent apprehension of a harmful or offensive contact.

151. As a result of the Defendants' overt acts, the Plaintiffs expected immediate physical contact and were placed in imminent apprehension of a harmful or offensive contact.

152. The Defendants' overt acts caused the Plaintiffs to suffer harm.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for a sum sufficient and proper to compensate them for their injuries, plus costs, interests, and expenses of this action to be determined to be reasonable by the Court with jury and to award such other further relief as this Court may deem necessary and appropriate.


## COUNT III:
### MASS. CIVIL RIGHTS ACT (MCRA) M.G.L. CHAPTER 12, §§ 11H-11I
### (All Plaintiffs v. All Defendants)

153. The Plaintiffs repeat and reallege all of the allegations contained in Paragraphs 1 through 152 of this Complaint as if rewritten and alleged herein.

154. At all times relevant, the Defendants acted under color of state law.

155. At all times relevant, the Defendants were acting in their official capacities as police officers of the Barnstable Police Department.

156. Defendants' conduct deprived the Plaintiffs of rights, privileges and/or immunities secured under the Massachusetts Declaration of Rights.

157. The Defendants conducted an unlawful vehicle stop of Plaintiffs' U-Haul truck without probable cause or reasonable suspicion, in violation of Plaintiffs' right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

158. The Defendants used unreasonable and excessive force against the Plaintiffs by pointing their handguns at the Plaintiffs without any legal justification to do so in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

159. The Defendants unlawfully arrested the Plaintiffs without probable cause or any legal justification to do so, in violation of Plaintiffs' right to be free from unreasonable seizures

14

under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

160.    The Defendants used unreasonable and excessive force against the Plaintiffs when handcuffing their wrists in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

161.    The Defendants conducted unlawful searches of the Plaintiffs bodies and personal belongings without consent, a valid warrant, or any legal justification to do so, in violation of Plaintiffs' right to be free from unreasonable searches under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

162.    The Defendants deprived the Plaintiffs of a well-established right to freedom from the use of unreasonable force under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights

163.    The Defendants deprived the Plaintiffs of a well-established right to freedom from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

164.    The Defendants deprived the Plaintiffs of a well-established right to freedom from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

165.    The Defendants deprived the Plaintiffs of said rights through threats and/or intimidation by pointing handguns at the plaintiffs and by threatening "the death penalty," as an offense for a routine traffic stop.

166.    The Defendants' actions were taken with reckless disregard for the Plaintiffs' rights.

167.    As a direct and proximate result of the Defendants' actions the Plaintiffs have suffered physical injuries for which they sought medical treatment and have incurred the cost of medical care and attendance, they have suffered extreme emotional harm and indignity for which they sought psychiatric counseling, they have suffered significant interference with their enjoyment and quality of daily life, they have lost employment opportunities, and their families have also suffered.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for a sum sufficient and proper to compensate them for their injuries, plus costs, interests, and expenses of this action to be determined to be reasonable by the Court with jury and to award such other further relief as this Court may deem necessary and appropriate.

**COUNT IV:**
**CIVIL BATTERY**
**(All Plaintiffs v. All Defendants)**

168.    The Plaintiffs repeat and reallege all of the allegations contained in Paragraphs 1 through 167 of this Complaint as if rewritten and alleged herein.

169.    The Defendants intentionally and unjustifiable used harmful and offensive force against the Plaintiffs.

170.    The Defendants intentionally used such force with the objective to harm the Plaintiffs.

171.    The Defendants used such force against the Plaintiffs without justification and without the Plaintiffs' consent.

172.    The Defendants' use of such force caused the Plaintiffs to suffer harm.

173.    As a direct and proximate result of the Defendants' actions the Plaintiffs have suffered physical injuries for which they sought medical treatment and incurred the cost of medical care and attendance, they have suffered extreme emotional harm and indignity for which they sought psychiatric counseling, they have suffered significant interference with their enjoyment and quality of daily life, they have lost employment opportunities, and their families have also suffered.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for a sum sufficient and proper to compensate them for their injuries, plus costs, interests, and expenses of this action to be determined to be reasonable by the Court with jury and to award such other further relief as this Court may deem necessary and appropriate.

**THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY**

Respectfully submitted,
for the Plaintiffs, Chevanese Robinson-Fearon, Sophia Davis, and Angella Campbell, by their Attorneys,

WYNN & WYNN, P.C.

Thomas J. Wynn, BBO #535860
Michael R. Mancinelli, BBO #707447
90 New State Highway
Raynham MA 02767
Tel: (508)823-4567
twynn@wynnandwynn.com
mmancinelli@wynnandwynn.com

Dated :  June 17, 2025

16

# EXHIBIT A

# BARNSTABLE POLICE DEPARTMENT PROFESSIONAL STANDARDS COMPLAINT FORMS



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
|---|---|

**Complainant:** Angella Campbell

**Address:** 116 A Main St Fall River

**Telephone:** 857-389-7425     **Date of Birth:** 02-23-1974

**Nature of the complaint** (*Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known*):

Moment we got pulled over the police She said "driver put your hands through the window" and my niece got out did that then get out. I looked out side through the window on the drivers side and I saw Chevanese on her knees with guns pointing at her. I said to Sophia there's gun on chevy I am scared they are going to kill us. Time passed and they asked us to get out. I said to Sophia don't go they are going to kill us whilst holding on to her jacket. The female officer called again and we got out and she said "Red Jacket get back in the vechile, other passenger turnback and walk backwards to my voice." After a few minutes a Male officer said red jacket come and walke backwards. He then put my hands behind me and cuffed me while I was holding my phone with my brother on video call.

*Continue on a separate sheet if necessary*

I **AM** / AM NOT  willing to testify at any required hearing on this matter.

**Names, addresses and phone numbers of any witnesses:**

1) Chevanese Robinson - 917-290-8448 - 499 Hamilton st, Somerset, NJ 08873

2) Sophia Davis - 698-425-7783 - 499 Hamilton st, Somerset, NJ 08873

*I hereby certify that, to the best of my knowledge, the statements made herein are true.*
*I also understand that this statement is signed under the pains and penalties of perjury.* 6=00pm

**Complainant's Signature:** A Campbell     **Date & Time:** 03-12-24

**Intake Supervisor's Signature:** Sgt BM #188     **Date & Time:** 3/12/24  7817

**Complainant Provided Copy of this Form:** ☒ YES ☐ NO          ☒ In Person ☐ Via Mail

PSO ID # _____

PSO Review by: _____     Date: _____



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
|---|---|

**Complainant:** Angela Campbell

**Address:** 716 A-main st Fall River Ma 02720

**Telephone:** 857-389-7425    **Date of Birth:** 02-23-1974

**Nature of the complaint** (*Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known*):

He took me to the back walking backwards and I couldn't see Sophia or Chevanese. He turned me around and I asked the Police officer, What's this all about and he didn't respond. I saw them searching the vechile and I asked the officer, what were they looking for and he said "you will soon find out" I kept asking why are they searching the vechile and why did they detain us. The officer said "we are searching for guns, drugs, and ammunition, and I should spread my legs so he can search me. I said to him that we are good people looking for jobs here whilst he was searching me and patting me down. He searched my bag and I asked him how comes he's searching my bag without my permission and he said he doesn't need one to do so. I told him that he's wrong and he shouldn't search a female bag without her consent.    *Continue on a separate sheet if necessary*

**I AM / AM NOT willing to testify at any required hearing on this matter.**

Names, addresses and phone numbers of any witnesses:
1) Chevanese Robinson - 917 270 8418
2) Sophia Davis - 678 425 7183

*I hereby certify that, to the best of my knowledge, the statements made herein are true.*
*I also understand that this statement is signed under the pains and penalties of perjury.*   6.00 PM

**Complainant's Signature:** A Campbell    **Date & Time:** 03 18 24

**Intake Supervisor's Signature:** _____    **Date & Time:** _____

**Complainant Provided Copy of this Form:** ☐ YES ☐ NO    ☐ In Person ☐ Via Mail

PSO ID # _____

PSO Review by: _____    Date: _____



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
|---|---|

**Complainant:** Angela Campbell

**Address:** 760 N. Main St Fall River Ma 02720

**Telephone:** 857-389 7425   **Date of Birth:** _____

**Nature of the complaint** (*Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known*):

I asked him if this is how they treat females and IF we don't have any rights. He then asked how police officers treat us in Jamaica and I told him we are not scared of Jamaican police but we are scared of you guys. I am scared you guys will kill us because you guys had guns on Chevanese. I then told him the cuffs were tight and he said they are cuffs so stay in it and I asked another police officer to turn up my phone and he did. The male officer left and the female officer came and searched me, then left. I was then conversing with the police officer pleaing with him to remove the cuffs and another officer came over and remove the cuffs and told Me I could go to the vechile. I walked pass my sister and niece talking to the Sargent and went to the truck.

*Continue on a separate sheet if necessary*

**I AM / AM NOT willing to testify at any required hearing on this matter.**

Names, addresses and phone numbers of any witnesses:
1) Chevanese Robinson-fearon 917270 8418
2) Sophia Davis 6784757783

*I hereby certify that, to the best of my knowledge, the statements made herein are true. I also understand that this statement is signed under the pains and penalties of perjury.*  8-00PM

**Complainant's Signature:** A Campbell   **Date & Time:** 03 2 24

**Intake Supervisor's Signature:** _____   **Date & Time:** _____

**Complainant Provided Copy of this Form:** ☐ YES ☐ NO   ☐ In Person ☐ Via Mail

PSO ID # _____

PSO Review by: _____   Date: _____



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
|---|---|

Complainant: CHEVANESE ROBINSON — FEARON

Address: 499 Hamilton St, Somerset, NJ 08873

Telephone: 919-270-8418          Date of Birth: 05/08/1999

Nature of the complaint (*Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known*):

I was driving a U-haul truck on the Sunday night March 10-11, 2024 at approximately 11:58pm — 12:00am then I said to Sofia and Angella that the U-haul is right across from us, then we saw flashing blue lights and siren went off. I pulled the truck over to let the officers pass, but then Aunt Angella said, you are the one they are stopping. We waited for some time before a female officer (Hope) told me to put my hands through the window, and then to get out. I got out the vehicle and was told to step to the side and walk backwards. The officer then asked who was in the vehicle and I turned around to face them whilst answer "two other females" but the officer told be to turn around, walk backwards and get on my knees. I got on my knees whilst panicking because I had guns pointing at me. Cuffs went on my hands and I was told by a male voice to stand. I started asking, "what's wrong, what did I do, but they all said

*Continue on a separate sheet if necessary*

__I AM__ / AM NOT  willing to testify at any required hearing on this matter.

Names, addresses and phone numbers of any witnesses:

1) Sophia Davis — 678-425-7783 — 499 Hamilton St, Somerset, NJ 08873
2) Angella Campbell — 857-389-7425 — 716 N Main st, Fall River, MA 02720

*I hereby certify that, to the best of my knowledge, the statements made herein are true.*
*I also understand that this statement is signed under the pains and penalties of perjury.*

Complainant's Signature: _____          Date & Time: 03/12/2024 6:00 pm

Intake Supervisor's Signature: _____ Sgt Bird #188          Date & Time: 3/12/24 1813

Complainant Provided Copy of this Form:  ☑ YES  ☐ NO          ☑ In Person  ☐ Via Mail

PSO ID # _____

PSO Review by: _____          Date: _____



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
|---|---|

**Complainant:** Chevanese Robinson-Fearon

**Address:** 499 Hamilton St Somerset, NJ 08873

**Telephone:** 917-770-8418   **Date of Birth:** 05/08/1997

**Nature of the complaint** (*Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known*):

"you will find out soon". I was in the back of the police vehicle crying and praying. The officer then asked Sophia and Angella to get out the car. They took the phones from Sophia but it on top of the car I was in and then cuff her. AT this point I am still praying, because I can't see what's going on with Sofia and Angella. The officers went to the truck with their guns in hand and search the front of the truck then open the back of the truck and look inside with a flashlight. After they found nothing, they talk among themselves and the sargent came over to me. He read me my Marinda rights and I asked if I Could call my husband but he said not now. He then told me that his colleague pulled Me over because I didn't stop when she tried to. I told him that, that is a lie and he said she will be over to talk with me soon. I asked if they could pull the cuffs or loosen it because they were too tight, and the officer said he will get "one of them"

*Continue on a separate sheet if necessary*

I **AM** / AM NOT  willing to testify at any required hearing on this matter.

Names, addresses and phone numbers of any witnesses:

1) Sophia Davis — 678-425-7783 — 499 Hamilton St, Somerset, NJ, 08873

2) Angella Campbell — 857-389-9425 — 716 N Main St, Fall River, Ma 02720

*I hereby certify that, to the best of my knowledge, the statements made herein are true.*
*I also understand that this statement is signed under the pains and penalties of perjury.*

**Complainant's Signature:** _____   **Date & Time:** 03/02/2024 6:00pm

**Intake Supervisor's Signature:** _____   **Date & Time:** _____

**Complainant Provided Copy of this Form:**  ☐ YES ☐ NO       ☐ In Person  ☐ Via Mail

PSO ID # _____

PSO Review by: _____   Date: _____



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
|---|---|

**Complainant:** Chevarese Robinson-Fearon

**Address:** 499 Hamilton St, Somerset, NJ 08873

**Telephone:** 917-270-8418      **Date of Birth:** 03/08/1997

**Nature of the complaint** (*Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known*):

to come ob it, but I could "lean forward". At this point the female officer came over with attitude, telling me that I was speeding and I didn't pull over when she asked me to. I then said to her that I wasn't but she insist, so I told her to check her bodycam and the camera on the vechile. She said she doesn't have one and the sargent said their "department doesn't have "those as yet". He (the sargent), took the female officer to the side to converse among themselves, whilst officer Clearly was talking to me. I then said to him that nobody has asked us our name or even asked for my drivers license. She came back and asked for my license and If I had it on me. She told me to get out the car and asked if I had anything on me, and if there's anything in my pocket to prick her. I told her no and she should search me, which she did. She asked where I was from and where are we going (Just

*Continue on a separate sheet if necessary*

I **AM** / AM NOT  willing to testify at any required hearing on this matter.

**Names, addresses and phone numbers of any witnesses:**

1) Sophia Davis - 698-423-7783 - 499 Hamilton St Somerset NJ 08873

2) Angella Campbell - 857-389-7425   716 N Main St Fall River Ma 02720

*I hereby certify that, to the best of my knowledge, the statements made herein are true.*
*I also understand that this statement is signed under the pains and penalties of perjury.*

**Complainant's Signature:** _____    **Date & Time:** 08/12/2024  6:00 pm

**Intake Supervisor's Signature:** _____    **Date & Time:** _____

**Complainant Provided Copy of this Form:** ☐ YES ☐ NO          ☐ In Person  ☐ Via Mail

PSO ID # _____

PSO Review by: _____          Date: _____



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
|---|---|

Complainant: Chevanese Robinson-Fearon

Address: 499 Hamilton St, Somerset, NJ 08873

Telephone: 917-270-8418    Date of Birth: 05/08/2997

**Nature of the complaint** (*Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known*):

to chit chat, because her attitude changed). I asked her to remove the cuffs and she removed the left arm first then the right. I screamed as she took the right one off and she said to relax she's not trying to hurt me. I asked for Sophia and Angella. They told us to get in the vehicle and I said no I will stand outside. Sophia and I was talking to the sargent and I then asked for their names and badge number. He got agitated and told me to go to the Barnstable Police Station to ask in the Morning. I said to him that I have a right to know. He then gave me his name and badge number (surgent Jones 290). I asked Officer Clearly for his and Hope. Officer Clearly 826, officer Hope 337. Officer Hope gave me a site for "lane violation" and said that "I didn't pull not Stopping when an officer stops you because that's a death penalty." Then said who did I Kill and walked away to the truck.

*Continue on a separate sheet if necessary*

I **AM / AM NOT** willing to testify at any required hearing on this matter.

Names, addresses and phone numbers of any witnesses:

1) Sophia Davis - 678-425-7783 - 499 Hamilton St Somerset, NJ 08893

2) Angella Campbell - 857-389-8425 - 916 N Main St, Fall River, Ma 02720

*I hereby certify that, to the best of my knowledge, the statements made herein are true.*
*I also understand that this statement is signed under the pains and penalties of perjury.*

Complainant's Signature: _____    Date & Time: 08/12/2024 : 8:00 pm

Intake Supervisor's Signature: _____    Date & Time: _____

Complainant Provided Copy of this Form:    ☐ YES ☐ NO          ☐ In Person ☐ Via Mail

PSO ID # _____

PSO Review by: _____    Date: _____



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
|---|---|

**Complainant:** Sophia Davis

**Address:** 499 Hamilton Street Apt 9 Somerset NJ 08893

**Telephone:** 678 425 7783    **Date of Birth:** ~~02-12-2024~~ 10 26 1970

**Nature of the complaint** (Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known):

Sunday night at approximately 11:59-12:00 on March 10, 2024. Police officers pulled us over and told Chevanese to get out the vehicle. She complied and Angella and I was getting out too but the female officer told us to stay inside. Moments after she told us to get out and walked backwards. While I was going backwards an officer hold on to my hands then the female officer told me to stop. The male officer on my left reached for his handcuffs and I asked him what did I do wrong, He then said "you will know later", I asked again why am I being cuffed, he said "I told you that you will know soon". I asked for his permission to put the phones in my pocket he said "no mam don't reach, I will take care of those". He took the phones and cuffed my left hand, I begged him to cuff me from the front because my right shoulder hurts. He didn't respond to any request but rather grabbed my hand and twist it to the back and cuff me.    *Continue on a separate sheet if necessary*

**I AM /** ~~AM NOT~~  willing to testify at any required hearing on this matter.

Names, addresses and phone numbers of any witnesses: 857-389-4425

1) Angella Campbell — ~~857-389-4488~~ 716 N Main St, Fall River, MA 02720

2) Chevanese Robinson — 917-290-8418 - 499 Hamilton St Somerset NJ 08893

*I hereby certify that, to the best of my knowledge, the statements made herein are true.*
*I also understand that this statement is signed under the pains and penalties of perjury.*

**Complainant's Signature:** _____    **Date & Time:** 03/12/2024 6:30 pm

**Intake Supervisor's Signature:** _____    **Date & Time:** _____

**Complainant Provided Copy of this Form:** ☐ YES ☐ NO    ☐ In Person ☐ Via Mail

PSO ID # _____

PSO Review by: _____    Date: _____



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
|---|---|

Complainant: Sophia Davis

Address: 499 Hamilton St, APT 1 Somerset NJ 08873

Telephone: 678 425 7983          Date of Birth: 10 26 1970

**Nature of the complaint** (*Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known*):

The female officer asked me to stop talking because I was complaining about the pain in my shoulder. The male officer took me to the vechile to put me in, backwards. I hit my back and the palm of my hand. I then said to him this is not working could I go in forward and he said ok and shoved me in. I then hit both knees, and he grabbed my left shoulder and put me in. I started worrying about Chevanese, because I had no idea where they had put her. They then called Angella out the vechile and took her away. Moments after everyone rushed to the truck with guns in hand searching the front twice and then searching the back with a flashlight. They then converse among themselves. A police officer came to me and said "do you know why yous were pulled over?" I said no, we were coming to the storage and talking among ourselves. My daughter said guys through the storage is close, then we saw lights and quickly after sirens

*Continue on a separate sheet if necessary*

**I AM / AM NOT   willing to testify at any required hearing on this matter.**

Names, addresses and phone numbers of any witnesses:

1) Angella Campbell—716 N Main Street Fall River. Ma 02720  #857-389-7425

2) Chevanese Robinson—499 Hamilton Street Somerset NJ 08873 #917-270-9418

*I hereby certify that, to the best of my knowledge, the statements made herein are true.*
*I also understand that this statement is signed under the pains and penalties of perjury.*

Complainant's Signature: _____     Date & Time: 03 12 2024  7:00 pm

Intake Supervisor's Signature: _____ Sgt Bond #188     Date & Time: 3/12/24  1813

Complainant Provided Copy of this Form:  ☒ YES ☐ NO          ☒ In Person  ☐ Via Mail

PSO ID # _____

PSO Review by: _____          Date: _____



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
| --- | --- |

---

**Complainant:** Sophia Davis

**Address:** 499 Hamilton St Apt 1 Somerset NJ 08873

**Telephone:** 678-425-3483       **Date of Birth:** 10 26 1970

---

**Nature of the complaint** (*Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known*):

Came on and my daughter pulled over, because she was contemplating if it was her or if they wanted to pass. Angella then said they are pulling us over. The officer then said, that the commanding officer said Chevanese was speeding and I said thats not true because we stopped to look at the storage on our left, then came the lights and siren. The officer said thats what the commanding officer said and walked away. Shortly after he walked away the female officer and the Surgent came over and started talking. My windows were down a bit so I heard some of their conversation. I heard when the Surgent said "we dont have grounds for a court case" and she said "but they entered the Cafe from the back". They kept talking whilst walking away. An officer came over and ask if I was warm enough in there, and I told him yes and he left. Minutes later he came back to remove the cuffs

*Continue on a separate sheet if necessary*

---

**I AM / AM NOT  willing to testify at any required hearing on this matter.**

---

Names, addresses and phone numbers of any witnesses:

1) Angella Campbell - 716 N Main St Fall River, MA 02720 # 857-389-7425
2) Chevanese Robinson - 499 Hamilton St Somerset NJ, 08873 # 917-270-8418

---

*I hereby certify that, to the best of my knowledge, the statements made herein are true.*
*I also understand that this statement is signed under the pains and penalties of perjury.*

**Complainant's Signature:** _Davis_       **Date & Time:** 03 12 2024 6:00 pm

**Intake Supervisor's Signature:** _____       **Date & Time:** _____

**Complainant Provided Copy of this Form:**  ☐ YES  ☐ NO        ☐ In Person   ☐ Via Mail

---

PSO ID # _____

PSO Review by: _____       Date: _____



# BARNSTABLE POLICE DEPARTMENT
## PROFESSIONAL STANDARDS COMPLAINT FORM

| Form # 05-03 (Revised) | Effective Date: 11/25/2008 |
|---|---|

---

**Complainant:** Sophia Davis

**Address:** 499 Hamilton St Apt 1 Somerset NJ 08873

**Telephone:** 678-425-7783    **Date of Birth:** 10 26 1970

---

Nature of the complaint (*Please describe the incident and include the date, time, location of the incident and the name, rank, badge or ID number or a description of the employee involved, if known*):

and I asked him to remove the left one first then the right, and to help me put my right arm around because I couldn't. He then helped me to get down from the vechile. I came to the front whilst asking for the phones and he said I would look for them and the female officer said to go to the vechile and I said I need to get my phones. Then my daughter took the phones from the police vechile top and gave it to me. My daughter and I went over to talk to the Sargent whilst giving her my identification card. My daughter asked the Sargent for his name and badge number and he told her to get it at the barnstable police station in the morning and the female officer walked over gave my daughter a piece of paper, and told her what she charged her with and said I didn't charge you for not stopping when a police officer stopped you because that is a death penalty. My daughter asked "who did I kill" and we called Continue on a separate sheet if necessary

**I AM / AM NOT  willing to testify at any required hearing on this matter.**

---

Names, addresses and phone numbers of any witnesses:

1) Angella Campbell - 716 N Main St Fall River MA 02720 # 867-389-7425
2) Cheyanese Robinson - 499 Hamilton St Apt 1 Somerset NJ 08893 # 917-270-8418

---

*I hereby certify that, to the best of my knowledge, the statements made herein are true.*
*I also understand that this statement is signed under the pains and penalties of perjury.*

Complainant's Signature: So. Davis    Date & Time: 03 12 2024 6:00 pm

Intake Supervisor's Signature: _____    Date & Time: _____

Complainant Provided Copy of this Form:  ☐ YES ☐ NO        ☐ In Person  ☐ Via Mail

---

PSO ID # _____

PSO Review by: _____    Date: _____

# EXHIBIT B

# BARNSTABLE POLICE DEPT. RESPONSES TO PUBLIC RECORDS REQUESTS RE:

# INCIDENT NO. 24-378-OF

From:                                          10/18/2024 01:18      #276 P.002/005





# Town of Barnstable
# Police Department

**Jean Challies, Chief of Police**
Jennifer P. Ellis, Deputy Chief of Police

1200 Phinney's Lane
Hyannis, MA 02601

| | |
|---|---|
| Main Number: | 508-775-0387 |
| Main Fax: | 508-790-4167 |
| Administration: | 508-775-0920 |
| Admin. Fax: | 508-790-6317 |

www.barnstablepolice.com

October 18, 2024

Thomas J. Wynn, Esq.
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA 02767

Re:    Incident No. 24-378-OF

VIA facsimile: 508-882-4097

Dear Attorney Wynn:

This is in response to your public records request, which the Barnstable Police Department (Department) received on October 3, 2024. You asked that we provide copies of documents showing, "a copy of the Police Department's Report of the above-captioned matter."

With respect to your request, the Department is producing a copy of incident report number 24-378-OF. Please be advised that the Department has redacted dates of birth pursuant to exemption (c) of G.L. c. 4, sec. 7(26). Exemption (c) allows the withholding of "materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy ..." Individuals have a significant interest in protecting from disclosure their dates of birth as this information is frequently used in connection with identity theft and other types of financial fraud. The individual's privacy interests therefore in protecting this information clearly outweigh any interest the public may have in obtaining that information.

You have the right to appeal this decision to the Supervisor of Public Records pursuant to 950 CMR 32.00 and G.L. c. 66, section 10A(a). Pursuant to G.L. c. 66, section 10A(c), you also have the right to seek judicial review by commencing a civil action in the Superior Court.

Sincerely,

Danielle Paradis
Records/Property Supervisor
paradisd@barnstablepolice.com

*~ Serving the Villages of Barnstable, Centerville, Cotuit, Hyannis, Marstons Mills, Osterville, and West Barnstable ~*

### Barnstable Police Department
### Incident Report

**Page: 1**
**10/18/2024**

## Incident #: 24-378-OF
## Call #: 24-9114

Date/Time Reported: 03/10/2024 2359
Report Date/Time: 03/11/2024 0254
Status: No Crime Involved

Reporting Officer: Ptl. HAILIE HOPE
Approving Officer: SGT. THOMAS EDWARDS

Signature: _____

Signature: _____

| # | INVOLVED | | | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|---|---|
| 1 | ROBINSON, CHEVANESE | | | F | B | 26 | NOT AVAIL | |

2416 BEAUMONT AVE Apt. #1A
BRONX NY 10458

Military Active Duty: N
BODY: NOT AVAIL.                    COMPLEXION: NOT AVAIL.
DOB: ███████                     PLACE OF BIRTH: NOT AVAIL.
LICENSE NUMBER: NOT AVAIL.         ETHNICITY: NOT HISPANIC

| # | EVENTS(S) |
|---|---|

LOCATION TYPE: Highway/Road/Alley/Street    Zone: HYA1
BALISE CAR WASH
574 BEARSE'S WAY
HYANNIS MA 02601

1   Police Information

| # | PERSON(S) | PERSON TYPE | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|---|
| 1 | DAVIS, SOPHIA C | PARTICIPANT | F | B | 53 | NOT AVAIL | |

89 JULIET ST Apt. #1
NEW BRUNSWICK NJ 08901
DOB: ███████

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2 | CAMPBELL, ANGELA | PARTICIPANT | F | B | 50 | NOT AVAIL | |

UNKNOWN
OUT OF TOWN MA
DOB: ███████

Barnstable Police Department                                    Page: 1
NARRATIVE FOR PTL. HAILIE HOPE
Ref: 24-378-OF

Entered: 03/11/2024 @ 0258          Entry ID: 337
Modified: 04/12/2024 @ 1337          Modified ID: 851
Approved: 03/14/2024 @ 0511          Approval ID: 277

1.    On Monday, March 11, 2024, I, Officer Hope was working uniform patrol in fully marked cruiser E229
assigned to the midnight shift. At approximately 12:00 am, I was observing traffic in front of the Cape Codder,
1225 Iyannough Road Route 132. At this time, I observed a U-Haul bearing Arizona registration AL04931 turn
left from RT 132 onto Bearse's Way traveling at a high rate of speed. I was able to catch up to the vehicle at the
intersection of Pitcher's Way and Bearse's Way and use my speedometer to estimate the speed of the vehicle
going 50 mph in a posted 30 mph. The vehicle then swerved over the double yellow lines. I observed both the
front left and back left tires cross over the double yellow line and then go back into its proper lane. Shortly after
the van swerved over the white fog line on the right side of the road. Again, I observed the right front and right
back tire go complete over the line.

2.    I activated my emergency blue lights in front of 800 Bearse's Way, Cape Crossroads to initiate a stop. I
advise dispatch of the stop. The vehicle slowed down to 25 mph but continued on. About 100 feet from
Enterprise Road and Bearse's Way I activated my sirens. The vehicle slammed onto their brakes coming to a
complete stop in the intersection and the continued on down Bearse's Way at an estimated speed of 17 mph. I
advised dispatch of the failure to stop. The vehicle then crossed completely over into the opposite lane of travel
and then back into the proper lane and continuing to slow down. The vehicle finally stops and pulled over in
front of 574 Bearse's Way the Balise Car Wash. *Its important to note that it was safe for the U-Haul to pull
over at any duration during the initiation of the stop. There was no other vehicles or pedestrian on Bearse's
Way during this stop as well as no side walk or guard rail that would affect the operator from pulling over.*

3.    With the observations of the vehicle unable to maintain their lane and not coming to a complete stop and
driving very slowly, I feared the operator or occupants of the vehicle were accessing a weapon to use against me
or hide illegal contraband. I was also unable to see into the U-Haul van because there is no back window. For
this reason, a high-risk stop was conducted for officer safety. *It is important to note that all the
above-mentioned roads are public and maintained by the Town of Barnstable.*

4.    Once the scene was declared safe, I spoke with the operator of the U-Haul identified as Chevanese
Robinson (DOB: ▓▓▓▓▓). Robinson advised me that she was unable to see my emergency blue lights
however did hear my sirens. Robinson stated that she thought I was trying to past them or stop the car in front of
them. *It should be noted that there were no other cars on this road at the time of this stop.* Robinson explained
that she is not from here. Robinson is from New York, and she has a friend that told her to move to Cape Cod
for work. Robinson stated that she is going to put her stuff in a U-Haul storage unit then head to a motel for the
night. Robinson advised that she was swerving because she was looking for directions to the U-Haul.

5.    I then spoke with a passenger identified as Angela Campbell (DOB: ▓▓▓▓▓). Campbell advised that
she saw my emergency blue lights however she did not think that I was conducting a motor vehicle stop.
Campbell stated she thought I was attempting to pass them. Angela stated she was sitting in the middle seat of
the U-Haul upfront. Campbell advised that she is here from Jamaica and joined her friends in coming to Cape
Cod for work. Campbell stated that this is a misunderstanding and that they did not think they were being
stopped.

6.    I then spoke to the front right passenger identified as Sophia Davis (DOB: ▓▓▓▓▓). Davis advised
that she did not think that they were being stopped as well and that they were just trying to find U-Haul. Davis

**Barnstable Police Department**                              Page: 2

NARRATIVE FOR PTL. HAILIE HOPE

Ref: 24-378-OF

Entered: 03/11/2024 @ 0258        Entry ID: 337
Modified: 04/12/2024 @ 1337        Modified ID: 851
Approved: 03/14/2024 @ 0511        Approval ID: 277

---

stated she is from New Jersey and is here with her daughter, Robinson.

7.    Due to the above, I issued Massachusetts Uniform Citation 498784AC to Robinson for the following:

**CHP 89      SEC 4A        MARKED LANES VIOLATION**

**CHP 90      SEC 17        SPEEDING**

Citation was issued and given in hand to Robinson.

851

 

# Town of Barnstable
# Police Department



1200 Phinney's Lane
Hyannis, MA 02601

**Jean Challies, Chief of Police**
Jennifer P. Ellis, Deputy Chief of Police

| | |
|---|---|
| Main Number: | 508-775-0387 |
| Main Fax: | 508-790-4167 |
| Administration: | 508-775-0920 |
| Admin. Fax: | 508-790-6317 |

www.barnstablepolice.com

November 26, 2024

Thomas J. Wynn, Esq.
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA 02767

     Re:    Incident No. 24-378-OF

VIA Email: twynn@wynnandwynn.com

Dear Attorney Wynn:

This is in response to your public records request, which the Barnstable Police Department (Department) received on November 12, 2024. You asked that we provide copies of documents showing:

1. An electronic copy of all radio transmission recordings from March 10, 2024 and March 11, 2024 concerning the traffic stop (referenced in Incident Report 24-378-OF).
2. All Barnstable Police record access logs as well as report management system electronic data history, and/or any audit trail concerning Barnstable Police Incident Report 24-378-OF and any modifications, changes, and/or edits made thereto.
3. Identify the officers referred to in Barnstable Police Incident Report 24-378-OF as "Entry ID: 337," "Modified ID: 851" and "Approval ID: 277" by stating the full name of each officer.
4. Please provide us an electronic copy of the Barnstable Police log one hour before and one hour after incident identified in Barnstable Police Incident Report 24-378-OF with any modifications, changes, and/or edits.

With respect to number 1 of your request, the Department is producing copies of four radio transmission recordings concerning the above-referenced traffic stop.

With regard to number 2 of your request, the Department is producing a copy of the record access log from our records management system with regard to incident report number 24-378-OF.

With respect to number 3, please find the full names below:

"Entry ID: 337"- Officer Hailie Hope

*~ Serving the Villages of Barnstable, Centerville, Cotuit, Hyannis, Marstons Mills, Osterville, and West Barnstable ~*

"Modified ID: 851" – Civilian Michelle Selens
"Approval ID: 277"- Sergeant Thomas Edwards

With regard to number 4 of your request, the Department is producing a copy of the Barnstable Police log from March 10, 2024 2259 to March 11, 2024 to 0059. Please be advised that the Department has redacted dates of birth, social security numbers, vehicle identification numbers, reporting party information, personal phone numbers and home addresses pursuant to exemption (c) of G.L. c. 4, sec. 7(26). Exemption (c) allows the withholding of "materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy ..." Home addresses and personal phone numbers are sufficiently personal in nature to implicate an individual's privacy rights. As cell phone numbers are typically not easily ascertainable by the public, an individual has a significant interest in maintaining the privacy of their cell phone numbers. The public disclosure of an individual's home address may result in personal security issues for that individual, and, therefore, the protection of that information is appropriate. As such, the individual's interest in protecting this information from disclosure substantially outweighs any interest the public may have in learning this information. Individuals also have a significant interest in protecting from disclosure their dates of birth and their social security numbers, as both types of information are frequently used in connection with identity theft and other types of financial fraud. The individual's privacy interests therefore in protecting this information clearly outweigh any interest the public may have in obtaining that information. Furthermore, to the extent that exemption (c) is not deemed sufficient to protect from disclosure the home address and cell phone number of the reporting party in one call log entry, we believe that exemption (o) as well as G.L. c. 66, sec. 10B, would apply to protect that information. Exemption (o) protects, among other things, home addresses and home phone numbers of public employees. Similarly, G.L. c. 66, sec. 10B protects home addresses and home phone numbers of law enforcement and public safety personnel.

Additionally, the Department intends to withhold one call log entry in its entirety pursuant to exemption (a) of G.L. c. 4, sec. 7(26). Exemption (a) the "Statutory Exemption", records that are specifically exempt from disclosure by statute may be withheld. The particular statute we are relying upon provides that the content contained in the document requested shall not be public and shall be maintained in a manner that assures confidentiality. As identifying the specific statute would defeat the purpose of assuring confidentiality, the statute will not be cited; however, the Department is willing to disclose the statute to the Supervisor of Public Records to ensure this exemption is being properly applied.

You have the right to appeal this decision to the Supervisor of Public Records pursuant to 950 CMR 32.00 and G.L. c. 66, section 10A(a). Pursuant to G.L. c. 66, section 10A(c), you also have the right to seek judicial review by commencing a civil action in the Superior Court.


Sincerely,

Danielle Paradis
Records/Property Supervisor

11-25-2024                                                                                                                                                  Page: 1

| Control Number | Workstation ID | User ID | Network User ID | Activity Type | Access Date/Time | Comments | Control Type |
|---|---|---|---|---|---|---|---|
| 24-378-OF | BPD-REPORT4 | 337 | 337 | Locked | 2024-03-11  02:54 | | Incident |
| 24-378-OF | BPD-REPORT4 | 337 | 337 | Access Attempt | 2024-03-11  02:54 | | Incident |
| 24-378-OF | BPD-REPORT4 | 337 | 337 | Locked | 2024-03-11  02:54 | | Incident |
| 24-378-OF | BPD-REPORT4 | 337 | 337 | Locked | 2024-03-11  02:54 | | Incident |
| 24-378-OF | BPD-REPORT4 | 337 | 337 | Locked | 2024-03-11  02:54 | | Incident |
| 24-378-OF | BPD-REPORT4 | 337 | 337 | Saved | 2024-03-11  02:54 | | Incident |
| 24-378-OF | IMCMSG-WIN7X86 | 290 | cjis | Viewed | 2024-03-11  04:17 | JONES, BRIAN | Incident |
| 24-378-OF | BPD-DETECTIVE5 | 312 | 312 | Viewed | 2024-03-11  08:59 | LOISELLE, LIAM | Incident |
| 24-378-OF | LAPTOP-CLINICIA | 933 | 933 | Viewed | 2024-03-11  11:49 | RUBEL, STEPHANIE | Incident |
| 24-378-OF | IMCMSG-WIN7X86 | 341 | cjis | Viewed | 2024-03-11  13:03 | STONER, NICHOLAS | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 290 | 290 | Viewed | 2024-03-12  03:29 | JONES, BRIAN | Incident |
| 24-378-OF | BPD-DISPATCH4 | 880 | Dispatch4 | Viewed | 2024-03-12  18:11 | HOLLANDER, HALEY | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 188 | 188 | Viewed | 2024-03-12  18:25 | BIRD, THOMAS | Incident |
| -378-OF | BPD-WATCHCOM2 | 188 | 188 | Printed | 2024-03-12  18:25 | BIRD, THOMAS on \\BARN-PRINT\WATCH-DESK | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 188 | 188 | Viewed | 2024-03-12  18:25 | BIRD, THOMAS | Incident |
| 24-378-OF | BPD-DISPATCH4 | 880 | Dispatch4 | Viewed | 2024-03-12  18:48 | HOLLANDER, HALEY | Incident |
| 24-378-OF | BPD-DISPATCH4 | 880 | Dispatch4 | Viewed | 2024-03-12  18:51 | HOLLANDER, HALEY | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 284 | 284 | Viewed | 2024-03-13  01:03 | ST. ONGE, NATHAN | Incident |
| 24-378-OF | BPD-WATCHCOM1 | 280 | 280 | Viewed | 2024-03-13  01:19 | GREEN, JOSEPH | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 284 | 284 | Viewed | 2024-03-13  01:21 | ST. ONGE, NATHAN | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 284 | 284 | Viewed | 2024-03-13  01:33 | ST. ONGE, NATHAN | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 284 | 284 | Viewed | 2024-03-13  01:36 | ST. ONGE, NATHAN | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 284 | 284 | Viewed | 2024-03-13  01:37 | ST. ONGE, NATHAN | Incident |
| 24-378-OF | BPD-REPORT1 | 322 | 322 | Viewed | 2024-03-13  07:23 | GUSTAFSON, KRISTINA | Incident |
| -378-OF | BPD-WATCHCOM1 | 277 | 277 | Locked | 2024-03-13  23:25 | | Incident |
| 24-378-OF | BPD-WATCHCOM1 | 277 | 277 | Access Attempt | 2024-03-13  23:25 | | Incident |
| 24-378-OF | BPD-WATCHCOM1 | 277 | 277 | Locked | 2024-03-13  23:25 | | Incident |
| 24-378-OF | BPD-WATCHCOM1 | 277 | 277 | Locked | 2024-03-13  23:25 | | Incident |
| 24-378-OF | BPD-WATCHCOM1 | 277 | 277 | Viewed | 2024-03-13  23:25 | EDWARDS, THOMAS | Incident |
| 24-378-OF | IMCMSG-WIN7X86 | 337 | cjis | Viewed | 2024-03-14  01:33 | HOPE, HAILIE | Incident |
| 24-378-OF | BPD-WATCHCOM1 | 277 | 277 | Locked | 2024-03-14  05:07 | | Incident |
| 24-378-OF | BPD-WATCHCOM1 | 277 | 277 | Access Attempt | 2024-03-14  05:07 | | Incident |
| 24-378-OF | BPD-WATCHCOM1 | 277 | 277 | Locked | 2024-03-14  05:07 | | Incident |
| 24-378-OF | BPD-WATCHCOM1 | 277 | 277 | Locked | 2024-03-14  05:07 | | Incident |
| 24-378-OF | BPD-WATCHCOM1 | 277 | 277 | Viewed | 2024-03-14  05:07 | EDWARDS, THOMAS | Incident |
| 24-378-OF | BPD-EXEC | 198 | 198 | Access Attempt | 2024-03-15  15:33 | | Incident |
| 24-378-OF | BPD-EXEC | 198 | 198 | Locked | 2024-03-15  15:33 | | Incident |
| 24-378-OF | BPD-EXEC | 198 | 198 | Locked | 2024-03-15  15:33 | | Incident |
| 24-378-OF | BPD-EXEC | 198 | 198 | Printed | 2024-03-15  15:34 | MELLYN, MARK on \\BARN-PRINT\barnstable pd local\ADMIN- | Incident |
| 24-378-OF | IMCMSG-WIN7X86 | 337 | cjis | Viewed | 2024-03-20  01:59 | HOPE, HAILIE | Incident |

| Control Number | Workstation ID | User ID | Network User ID | Activity Type | Access Date/Time | Comments | Control Type |
|---|---|---|---|---|---|---|---|
| 24-378-OF | IMCMSG-WIN7X86 | 244 | cjis | Viewed | 2024-03-20  17:38 | WRIGHT, SCOTT | Incident |
| 24-378-OF | IMCMSG-WIN7X86 | 244 | cjis | Viewed | 2024-03-20  17:38 | WRIGHT, SCOTT | Incident |
| 24-378-OF | IMCMSG-WIN7X86 | 292 | cjis | Viewed | 2024-03-20  21:34 | O'MELIA, NOLAN | Incident |
| 24-378-OF | BPD-KEVINC-23 | 214 | 214 | Access Attempt | 2024-03-22  11:19 | | Incident |
| 24-378-OF | BPD-KEVINC-23 | 214 | 214 | Locked | 2024-03-22  11:19 | | Incident |
| 24-378-OF | BPD-KEVINC-23 | 214 | 214 | Access Attempt | 2024-03-25  11:36 | | Incident |
| 24-378-OF | BPD-KEVINC-23 | 214 | 214 | Locked | 2024-03-25  11:36 | | Incident |
| 24-378-OF | BPD-KEVINC-23 | 214 | 214 | Viewed | 2024-03-25  11:36 | CONNOLLY, KEVIN | Incident |
| 24-378-OF | BPD-KEVINC-23 | 214 | 214 | Printed | 2024-03-25  11:36 | CONNOLLY, KEVIN on \\bam-prtntDETECTIVE-PRINTER | Incident |
| 24-378-OF | BPD-KEVINC-23 | 214 | 214 | Viewed | 2024-03-25  11:36 | CONNOLLY, KEVIN | Incident |
| 24-378-OF | BPD-KEVINC-23 | 214 | 214 | Printed | 2024-03-25  11:37 | CONNOLLY, KEVIN on \\bam-prtntDETECTIVE-PRINTER | Incident |
| 24-378-OF | BPD-KEVINC-23 | 214 | 214 | Locked | 2024-03-25  16:50 | | Incident |
| 24-378-OF | IMCMSG-WIN7X86 | 337 | cjis | Viewed | 2024-03-26  04:17 | HOPE, HAILIE | Incident |
| 78-OF | IMCMSG-WIN7X86 | 337 | cjis | Viewed | 2024-03-28  02:16 | HOPE, HAILIE | Incident |
| 24-378-OF | BPD-DISPATCH1 | 871 | dispatch1 | Viewed | 2024-03-29  17:54 | MCNALLY, RYAN | Incident |
| 24-378-OF | BPD-DISPATCH4 | 898 | Dispatch4 | Viewed | 2024-03-29  17:57 | FOLEY, CHRISTOPHER | Incident |
| 24-378-OF | BPD-REPORT4 | 352 | 352 | Viewed | 2024-03-29  18:07 | MCNEICE, ERIK | Incident |
| 24-378-OF | BPD-DISPATCH3 | 316 | Dispatch3 | Viewed | 2024-03-30  00:27 | YORK, JOHN | Incident |
| 24-378-OF | BPD-DISPATCH1 | 870 | dispatch1 | Viewed | 2024-03-30  01:14 | GOUZIAS, NICHOLE | Incident |
| 24-378-OF | IMCMSG-WIN7X86 | 353 | cjis | Viewed | 2024-03-30  02:14 | MELE, ANDREW | Incident |
| 24-378-OF | BPD-DISPATCH4 | 938 | Dispatch4 | Viewed | 2024-03-30  08:49 | Tovet, Sarah | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 255 | 255 | Access Attempt | 2024-03-30  11:28 | | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 255 | 255 | Locked | 2024-03-30  11:28 | | Incident |
| 24-378-OF | BARNRDS | 244 | 244 | Viewed | 2024-03-30  16:03 | WRIGHT, SCOTT | Incident |
| 78-OF | IMCMSG-WIN7X86 | 305 | cjis | Viewed | 2024-03-30  16:46 | WHITE, JACOB | Incident |
| 24-378-OF | IMCMSG-WIN7X86 | 326 | cjis | Viewed | 2024-03-30  23:06 | CLEARY, SEAN | Incident |
| 24-378-OF | BPD-REPORT2 | 288 | 288 | Access Attempt | 2024-04-01  04:51 | | Incident |
| 24-378-OF | BPD-REPORT2 | 288 | 288 | Viewed | 2024-04-01  04:52 | MORROW, MAXWELL | Incident |
| 24-378-OF | BPD-DETECTIVE5 | 312 | 312 | Viewed | 2024-04-01  09:07 | LOISELLE, LIAM | Incident |
| 24-378-OF | IMCMSG-WIN7X86 | 307 | cjis | Viewed | 2024-04-01  09:16 | ATCHESON, NICHOLAS | Incident |
| 24-378-OF | BPD-JP-VIDEO | 264 | 264 | Viewed | 2024-04-02  08:29 | FOLEY, DAVID | Incident |
| 24-378-OF | BPD-DISPATCH4 | 947 | Dispatch4 | Viewed | 2024-04-02  09:16 | BOXOLD, RAVEN | Incident |
| 24-378-OF | BPD-RECORDS4 | 851 | 851 | Locked | 2024-04-12  13:34 | | Incident |
| 24-378-OF | BPD-RECORDS4 | 851 | 851 | Access Attempt | 2024-04-12  13:34 | | Incident |
| 24-378-OF | BPD-RECORDS4 | 851 | 851 | Locked | 2024-04-12  13:34 | | Incident |
| 24-378-OF | BPD-RECORDS4 | 851 | 851 | Locked | 2024-04-12  13:34 | | Incident |
| 24-378-OF | BPD-RECORDS4 | 851 | 851 | Locked | 2024-04-12  13:37 | | Incident |
| 24-378-OF | BPD-RECORDS4 | 851 | 851 | Access Attempt | 2024-04-16  14:39 | | Incident |
| 24-378-OF | BPD-RECORDS4 | 851 | 851 | Locked | 2024-04-16  14:39 | | Incident |
| 24-378-OF | BPD-WATCHCOM2 | 278 | 278 | Viewed | 2024-05-30  13:30 | FULLAM, KEVIN | Incident |

11-25-2024

| Control Number | Workstation ID | User ID | Network User ID | Activity Type | Access Date/Time | Comments | Control Type |
|---|---|---|---|---|---|---|---|
| 24-378-OF | BPD-WATCHCOM2 | 278 | 278 | Printed | 2024-05-30  13:30 | FULLAM, KEVIN on Microsoft Print to PDF | Incident |
| 24-378-OF | BPD-DISPATCH3 | 337 | 337 | Viewed | 2024-06-01  02:12 | HOPE, HAILIE | Incident |
| 24-378-OF | BPD-DISPATCH3 | 337 | 337 | Printed | 2024-06-01  02:12 | HOPE, HAILIE on Microsoft Print to PDF | Incident |
| 24-378-OF | BPD-DISPATCH3 | 243 | Dispatch3 | Viewed | 2024-06-01  10:56 | PALMER, DOUGLAS | Incident |
| 24-378-OF | BPD-DISPATCH3 | 337 | 337 | Viewed | 2024-06-07  10:07 | HOPE, HAILIE | Incident |
| 24-378-OF | BPD-DISPATCH3 | 337 | 337 | Printed | 2024-06-07  10:07 | HOPE, HAILIE on \\BARN-PRINT\bamatallie-pd.local\WATCH-O | Incident |
| 24-378-OF | BPD-TRAFFIC2 | 225 | 225 | Viewed | 2024-09-05  09:24 | PERRY, TROY | Incident |
| 24-378-OF | BPD-RECORDS5 | 779 | 779 | Viewed | 2024-09-25  11:29 | PARADIS, DANIELLE | Incident |
| 24-378-OF | BPD-RECORDS5 | 779 | 779 | Printed | 2024-09-25  11:29 | PARADIS, DANIELLE on Nitro PDF Creator (Pro 12) | Incident |
| 24-378-OF | BPD-RECORDS6 | 925 | 925 | Locked | 2024-10-03  14:18 | | Incident |
| 24-378-OF | BPD-RECORDS6 | 925 | 925 | Access Attempt | 2024-10-03  14:18 | | Incident |
| 24-378-OF | BPD-RECORDS6 | 925 | 925 | Locked | 2024-10-03  14:18 | | Incident |
| 24-378-OF | BPD-RECORDS6 | 925 | 925 | Locked | 2024-10-03  14:18 | | Incident |
| -378-OF | BPD-RECORDS6 | 925 | 925 | Printed | 2024-10-03  14:18 | McCombskey-Cook, Jessica on \\BARN-PRINT\RECORDS-PRI | Incident |
| 24-378-OF | BPD-RECORDS5 | 779 | 779 | Viewed | 2024-10-18  06:20 | PARADIS, DANIELLE | Incident |
| 24-378-OF | BPD-RECORDS5 | 779 | 779 | Printed | 2024-10-18  06:20 | PARADIS, DANIELLE on Nitro PDF Creator (Pro 12) | Incident |

Barnstable Police Department                                    Page:    1
Selective Search  From: 03/10/2024  Thru: 03/11/2024    2259 - 0059    Printed: 11/24/2024

**For Date: 03/10/2024  -  Sunday**

| Call Number | Time | Call Reason | Action | Priority | Duplicate |
|---|---|---|---|---|---|

**24-9843    2300    Phone - VANDALISM                    REPORT TAKEN    3**
```
        Call Taker:  279 - Patrol SPENCER L JACKSON
       Call Source:  Telephone
  Location/Address:  [BAR]
 Party Entered By:   03/15/2024 1214 279 - Patrol SPENCER L JACKSON
Calling/Inv. Party:  YARMOUTH PD:
                              , @
                              8/08/1983  Race: W  Sex: M
Vehicle Entered By:  03/15/2024 1215 279 - Patrol SPENCER L JACKSON
          Vehicle:  BLU 2015 JEEP SU GRAND CHEROK  Reg: PC MA 1MNR95  VIN:
            Owner:  DONOGHUE, LYNNE MARIE @
                    SSN:        DOB:            Race: W  Sex: F
Vehicle Entered By:  03/15/2024 1217 279 - Patrol SPENCER L JACKSON
      Modified By:   03/15/2024 1239 279 - Patrol SPENCER L JACKSON
          Vehicle:  BLK 2016 CHEV SU TAHOE  Reg: PC MA 54AF52  VIN:
            Owner:  YARMOUTH TOWN OF POLICE DEPARTMENT @ 1 BRAD ERICKSON WAY - WEST YARMOUTH, MA 02673
                    Race: U  Sex: U
        Narrative:  03/15/2024 1214 Patrol SPENCER L JACKSON
                    Rp reporting two vehicles parked in his driveway that appear
                    to have been keyed during the overnight hours 2300 hrs on
                    March 10th to 0600 hrs on March 11th.

    Refer To Incident:    24-408-OF
```

**24-9108    2309    Initiated - MOTOR VEHICLE STOP          VERBAL WARNING    3**
```
        Call Taker:  898 - DISPATCHER CHRISTOPHER FOLEY
       Call Source:  Initiated
    Call Closed By:  871 - DISPATCHER RYAN J MCNALLY 03/10/2024 2334
  Call Modified By:  871 - DISPATCHER RYAN J MCNALLY
          Location:  [HYA] WEST END ROTARY
      Initiated By:  225 - REESE C FALLON
                          PTL. ERIC J ROGORZENSKI
              Unit:  225  REESE C FALLON
                                        Arvd-23:09:00  Clrd-23:32:12
                          PTL. ERIC J ROGORZENSKI
       Cleared By:   351 - REESE C FALLON
              Unit:  233  PTL. JOHN R GARDINER
                     Disp-23:09:48            Arvd-23:09:50  Clrd-23:29:55
       Cleared By:   314 - PTL. JOHN R GARDINER
Vehicle Entered By:  03/10/2024 2310 898 - DISPATCHER CHRISTOPHER FOLEY
      Modified By:   03/10/2024 2332 351 - REESE C FALLON
          Vehicle:  BLK 2017 CHEV SILVER  Reg: PC MA 6DTV90  VIN:
         Operator:  RICHARD, AMY D @
                    SSN:        DOB:            Race: W  Sex: F
            Owner:  RICHARD, STEVEN R @
                    SSN:        DOB:            Race: U  Sex: M
```

**24-9109    2312    Phone - ALARM, RESIDENTIAL              ALARM - CANCELLED 2**
```
        Call Taker:  892 - DISPATCHER ALLYSSA MEDEIROS
       Call Source:  Telephone
  Location/Address:  [COT 433] KINSELLA, ERIC - 791 OLD POST RD
 Party Entered By:   03/10/2024 2312 892 - DISPATCHER ALLYSSA MEDEIROS
    Calling Party:   SEASIDE / CENTRA-LARM 800-639-2066
                     ***UNKNOWN***, DON @ ***UNKNOWN*** - COTUIT, MA 02635
              Unit:  235  PTL. SCOTT F LEGER
                     Disp-23:12:49                          Clrd-23:17:10
        Narrative:  03/10/2024 2312 DISPATCHER ALLYSSA MEDEIROS
                    Basement motion
```

**24-9110    2316    Initiated - MOTOR VEHICLE STOP          VERBAL WARNING    3**
```
        Call Taker:  898 - DISPATCHER CHRISTOPHER FOLEY
       Call Source:  Initiated
    Call Closed By:  289 - PTL. TRAVIS M BROWN 03/10/2024 2321
  Call Modified By:  289 - PTL. TRAVIS M BROWN
  Location/Address:  [HYA] 5 GARDEN LN @ 390 FALMOUTH RD RTE 28
      Initiated By:  230 - PTL. TRAVIS M BROWN
```

Barnstable Police Department                           Page:   2
Selective Search  From: 03/10/2024  Thru: 03/11/2024    2259 - 0059    Printed: 11/24/2024

```
        Unit:   230  PTL. TRAVIS M BROWN
                                              Arvd-23:16:00  Clrd-23:21:22
   Cleared By:   289 - PTL. TRAVIS M BROWN
Vehicle Entered By:  03/10/2024 2318 898 - DISPATCHER CHRISTOPHER FOLEY
  Modified By:   03/10/2024 2319 892 - DISPATCHER ALLYSSA MEDEIROS
      Vehicle:   GRN 2004 BMW SE 325XI  Reg: PC MA 4HKN71  VIN:
     Operator:   SANTIAGOCOSTA, JOSE A @
                 SSN:            DOB:            Race: U   Sex: M
        Owner:   COSTA, CHRISTIANO @
                 SSN:     DOB:         Race: U  Sex: U
```

```
24-9112   2326   Phone - ALARM, COMMERCIAL            ALARM - FALSE      2
   Call Taker:   898 - DISPATCHER CHRISTOPHER FOLEY
  Call Source:   Telephone
Call Closed By:  326 - PTL. SEAN D CLEARY 03/10/2024 2335
Call Modified By: 326 - PTL. SEAN D CLEARY
Location/Address: [HYA 3374] KOHL'S - 65 INDEPENDENCE DR
Party Entered By: 03/10/2024 2328 898 - DISPATCHER CHRISTOPHER FOLEY
Calling Party:   SECURITAS 800-689-4984
        Unit:    238  Ptl. ANDREW WEDDELL
                 Disp-23:29:07                         Clrd-23:29:39
        Unit:    227  Ptl. SEAN D CLEARY
                 Disp-23:29:32          Arvd-23:31:19  Clrd-23:34:11
   Arrived By:   326 - PTL. SEAN D CLEARY
   Cleared By:   326 - PTL. SEAN D CLEARY
    Narrative:   03/10/2024 2328 DISPATCHER CHRISTOPHER FOLEY
                 Trash Compactor perimiter.  Ref# 282470430

    Narrative:   03/10/2024 2335 PTL. SEAN D CLEARY
                 Exterior secure. Appears 10-4
```

```
24-9111   2328   Initiated - MOTOR VEHICLE STOP        VERBAL WARNING     3
   Call Taker:   892 - DISPATCHER ALLYSSA MEDEIROS
  Call Source:   Initiated
Call Closed By:  871 - DISPATCHER RYAN J MCNALLY 03/10/2024 2339
Call Modified By: 871 - DISPATCHER RYAN J MCNALLY
Location/Address: [HYA] 0 NORTH ST @ 291 STEVENS ST
 Initiated By:   219 - Patrol CHRISTOPHER HILTS
        Unit:    219  Patrol CHRISTOPHER HILTS
                                        Arvd-23:28:00  Clrd-23:34:44
   Cleared By:   345 - Patrol CHRISTOPHER HILTS
Vehicle Entered By:  03/10/2024 2328 892 - DISPATCHER ALLYSSA MEDEIROS
  Modified By:   03/10/2024 2332 345 - Patrol CHRISTOPHER HILTS
      Vehicle:   GRY 2005 TOYT SE COROLL  Reg: PC MA 2VCJ55  VIN:
     Operator:   DA CRUZ, RENATO AUGUSTO @
                 SSN:         DOB:          Race: U  Sex: U
        Owner:   DIAS, DANIEL S @
                 SSN:         DOB:          Race: U  Sex: M
```

```
24-9113   2342   Phone - DISTURBANCE, PARTY            ADVISED            3
   Call Taker:   898 - DISPATCHER CHRISTOPHER FOLEY
  Call Source:   Telephone
Call Closed By:  870 - DISPATCHER NICHOLE L GOUZIAS 03/11/2024 0019
Call Modified By: 870 - DISPATCHER NICHOLE L GOUZIAS
Location/Address: [HYA] 5 FRESH HOLES RD
Party Entered By: 03/10/2024 2344 898 - DISPATCHER CHRISTOPHER FOLEY
Calling Party:                @
                 SSN:         DOB:          Race: W  Sex: M
        Unit:    218  PTL. OWEN J MURRAY
                 Disp-00:06:37                    Clrd-03/11/2024 @ 00:07:46
Dispatched By:   870 - DISPATCHER NICHOLE L GOUZIAS
   Cleared By:   870 - DISPATCHER NICHOLE L GOUZIAS
        Unit:    237  Patrol ANDREW D MELE
                 Disp-00:06:41                    Clrd-03/11/2024 @ 00:07:53
Dispatched By:   870 - DISPATCHER NICHOLE L GOUZIAS
   Cleared By:   870 - DISPATCHER NICHOLE L GOUZIAS
        Unit:    239  PTL. THOMAS M FULLAM
                 Disp-00:11:32          Arvd-00:11:41  Clrd-03/11/2024 @ 00:19:07
Dispatched By:   864 - DISPATCHER DESIREE L ROBINSON
   Arrived By:   864 - DISPATCHER DESIREE L ROBINSON
   Cleared By:   870 - DISPATCHER NICHOLE L GOUZIAS
```

Barnstable Police Department                    Page:    3
Selective Search From: 03/10/2024 Thru: 03/11/2024   2259 - 0059   Printed: 11/24/2024

```
         Unit:    237  Patrol ANDREW D MELE
                  Disp-00:11:35                              Clrd-03/11/2024 @ 00:12:48
 Dispatched By:   864 - DISPATCHER DESIREE L ROBINSON
   Cleared By:    864 - DISPATCHER DESIREE L ROBINSON
         Unit:    218  PTL. OWEN J MURRAY
                  Disp-00:12:51              Arvd-00:12:53  Clrd-03/11/2024 @ 00:19:09
 Dispatched By:   870 - DISPATCHER NICHOLE L GOUZIAS
    Arrived By:   870 - DISPATCHER NICHOLE L GOUZIAS
   Cleared By:    870 - DISPATCHER NICHOLE L GOUZIAS
    Narrative:    03/10/2024 2344 DISPATCHER CHRISTOPHER FOLEY
                  Caller reporting a party with loud noise.

    Narrative:    03/11/2024 0019 DISPATCHER NICHOLE L GOUZIAS
                  advised to lower volume of music
```

**24-9114        2359     Initiated - MOTOR VEHICLE STOP            REPORT TAKEN    3**
```
    Call Taker:   864 - DISPATCHER DESIREE L ROBINSON
   Call Source:   Initiated
   Call Closed By: 337 - Ptl. HAILIE HOPE 03/11/2024 0307
 Call Modified By: 337 - Ptl. HAILIE HOPE
 Location/Address: [HYA 3240] BALISE CAR WASH - 574 BEARSE'S WAY
   Initiated By:   229 - Ptl. HAILIE HOPE
 Party Entered By: 03/11/2024 0254 337 - Ptl. HAILIE HOPE
 Involved Party:   DAVIS, SOPHIA CASSANDRA @ 89 JULIET ST Apt. #1 - NEW BRUNSWICK, NJ 08901-3338
                   SSN:   DOB: ███████  Race: U Sex: F
         Unit:    229  Ptl. HAILIE HOPE
                                            Arvd-23:59:08  Clrd-03/11/2024 @ 03:06:54
   Cleared By:    337 - Ptl. HAILIE HOPE
         Unit:    227  PTL. SEAN D CLEARY
                  Disp-00:00:00              Arvd-00:00:29  Clrd-03/11/2024 @ 01:03:27
         Unit:    239  PTL. THOMAS M FULLAM
                                            Arvd-00:00:33  Clrd-03/11/2024 @ 00:11:27
 Dispatched By:   319 - PTL. THOMAS M FULLAM
    Arrived By:   319 - PTL. THOMAS M FULLAM
         Unit:    218  PTL. OWEN J MURRAY
                  Disp-00:07:58              Arvd-00:08:00  Clrd-03/11/2024 @ 00:12:47
 Dispatched By:   870 - DISPATCHER NICHOLE L GOUZIAS
    Arrived By:   870 - DISPATCHER NICHOLE L GOUZIAS
   Cleared By:    870 - DISPATCHER NICHOLE L GOUZIAS
 Vehicle Entered By: 03/11/2024 0248 337 - Ptl. HAILIE HOPE
   Modified By:   03/11/2024 0251 337 - Ptl. HAILIE HOPE
      Vehicle:    WHI 2021 GMC VN U-HAUL  Reg: CO AZ AL04931
     Operator:    ROBINSON, CHEVANESE D @ 2416 BEAUMONT AVE Apt. #1A - BRONX, NY 10458
                  SSN:   DOB: ███████  Race: U Sex: F
        Owner:    ROBINSON, CHEVANESE D @ 2416 BEAUMONT AVE Apt. #1A - BRONX, NY 10458
                  SSN:   DOB: ███████  Race: U Sex: F
 Refer To Incident:    24-378-OF
```

For Date: 03/11/2024  -  Monday

**24-9116        0055     Phone - ALARM, COMMERCIAL               ALARM - FALSE    2**
```
    Call Taker:   870 - DISPATCHER NICHOLE L GOUZIAS
   Call Source:   Telephone
 Location/Address: [HYA 231] JO-ANN FABRICS STORE 814 - 665 IYANNOUGH RD RTE 132
 Party Entered By: 03/11/2024 0056 870 - DISPATCHER NICHOLE L GOUZIAS
 Calling Party:   SECURITAS 800-548-4478
         Unit:    237  Patrol ANDREW D MELE
                  Disp-00:56:10              Arvd-01:00:04  Clrd-01:05:45
    Narrative:    03/11/2024 0056 DISPATCHER NICHOLE L GOUZIAS
                  stock room motion zone 7

    Narrative:    03/11/2024 0105 DISPATCHER NICHOLE L GOUZIAS
                  exterior checks 10-4
```